# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MIAE DECOVICH,

        Plaintiff,

v.

VENETIAN CASINO RESORT LLC, et al.,

        Defendants.

2:11-CV-872 JCM (CWH)

## ORDER

Presently before the court is defendant Anthem Life Insurance Company's ("Anthem Life") motion for summary judgment. (Doc. #26). Plaintiff Miae Decovich has filed an opposition (doc. #29), to which defendant has responded (doc. #30). Also before the court is plaintiff's motion for summary judgment. (Doc. #25). Defendant Anthem Life has filed an opposition (doc. #28), to which plaintiff has responded (doc. #31).

**I.**    **Factual Background**

The administrative record is voluminous, well-known to the parties, and its contents are not disputed. It is therefore unnecessary to present all of the details regarding plaintiff' medical history. However, the court will provide a brief synopsis to give needed background and context to its analysis.

Plaintiff is a member of a group disability insurance policy through her former employer, Venetian Casino Resort. That policy is administered by defendant Anthem Life. On September 28,

**James C. Mahan**
**U.S. District Judge**

1  2009, plaintiff stopped working, claiming that fibromyalgia had rendered her totally disabled.

2  Plaintiff filed a claim for long term disability benefits on January 18, 2010. The following
3  day, plaintiff's primary care physician, Dr. Edward Tsai, completed an attending physician's
4  statement. ANTHEM-000406. Dr. Tsai wrote that plaintiff was diagnosed with fibromyalgia and
5  abdominal pain. Dr. Tsai did not note any restrictions, but did state the limitation that plaintiff has
6  a "[h]ard time standing for prolonged periods[.]" *Id.*

7  On February 18, 2010, Anthem Life advised plaintiff that Custom Disability Solutions
8  ("CDS") would be reviewing and managing her claim. On February 22, 2010, a CDS representative
9  recommended that plaintiff obtain Dr. Tsai's treatment notes from January, 2008, to the present and
10 any records in the past two years "to understand [plaintiff's] functional capacity prior to, as of, and
11 beyond 9/28/09." ANTHEM-000399.

12 On February 26, 2010, a CDS representative contacted plaintiff by telephone. ANTHEM-
13 000520. Plaintiff reported that the pain in her lower back started approximately three years prior and
14 that an MRI was performed but resulted in no conclusive findings. *Id.* Plaintiff complained of
15 stomach pain, ulcers, headaches, and memory loss. *Id.* She claimed that she could not stand for
16 prolonged periods due to pain. *Id.* She complained that her hands, knees and shoulders were sore,
17 that she was unable to open her left eye due to muscle weakness, and that she had problems with
18 keeping her balance. *Id.* Finally, plaintiff explained that she had stopped working upon being
19 diagnosed with fibromyalgia. *Id.*

20 In order to determine whether plaintiff satisfied the subject plan's definition of "disability,"
21 CDS requested records from the physicians who were treating and diagnosing plaintiff in the time
22 leading up to her disability claim.

23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

Beginning July 18, 2008, plaintiff had been seen by six different physicians. Dr. Tsai aside, the five remaining physicians were specialists, none of whom certified restrictions that would prevent plaintiff from working. The independent peer review analyst summarizes that:

> "[s]he ha[d] no evidence of any loss of muscle tone, loss of range of motion in any peripheral joints, or in cervical, thoracic or lumbar spine. She ha[d] no evidence of any abnormalities in station and gait or any focal neurological abnormalities. There [was] no evidence of muscular atrophy. Based on the absence of any other findings with the exception of allodynia, there [was] no objective foundation for functional impairment."

ANTHEM-000154. Two of plaintiff's treating specialists referred plaintiff for psychiatry. ANTHEM-000049; ANTHEM-000080. Plaintiff did not pursue either referral. Plaintiff was also referred for physical therapy (ANTHEM-000280) which she did not pursue.

On May 14, 2010, CDS denied plaintiff's claim for disability benefits, explaining that the "medical evidence does not provide objective data that [plaintiff's] condition raises to the level of functional impairment, which would preclude [plaintiff] from performing [plaintiff's] occupation as a Dealer." ANTHEM-000161. The denial letter went on to explain that, should plaintiff wish to request a review of CDS' decision, plaintiff should include with such a request "*any medical records that have not yet been submitted from a physician who is certifying* [plaintiff's] *disability. . . .*" ANTHEM-000162 (emphasis in original).

Plaintiff requested a review of CDS' decision to deny benefits on June 23, 2010. A medical source statement completed by Dr. Tsai on June 1st, 2010, was included with the request, and certified that plaintiff was not capable of standing for more than fifteen minutes at a time. ANTHEM-000140.

However, on October 5th, 2010, in response to an inquiry from CDS, Dr. Tsai affirmed that he deferred certification of plaintiff's restrictions and limitations, for employment purposes, to plaintiff's treating specialists. ANTHEM-000023. None of the specialists certified any disabling restrictions.

On October 7, 2010, CDS denied plaintiff's appeal because plaintiff had not demonstrated that she was disabled as a result of a psychiatric condition and because there was insufficient medical evidence to establish that plaintiff's physical condition had risen to the level of severity that would

1  have precluded her from sustaining her work activities. ANTHEM-000013 - ANTHEM-000020.

2  Plaintiff has now brought a civil action under ERISA Section 502(a) seeking an
3  administrative review of Anthem's decision to deny benefits.

4  **II.    Discussion**

5  *A)    Legal Standard*

6  The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings,
7  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,
8  show that "there is no genuine issue as to any material fact and that the movant is entitled to a
9  judgment as a matter of law." Fed.R.Civ.P. 56(a). A principal purpose of summary judgment is "to
10 isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24
11 (1986).

12 In determining summary judgment, a court applies a burden-shifting analysis. "When the
13 party moving for summary judgment would bear the burden of proof at trial, it must come forward
14 with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.
15 In such a case, the moving party has the initial burden of establishing the absence of a genuine issue
16 of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213
17 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

18 In contrast, when the nonmoving party bears the burden of proving the claim or defense, the
19 moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential
20 element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to
21 make a showing sufficient to establish an element essential to that party's case on which that party
22 will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails
23 to meet its initial burden, summary judgment must be denied and the court need not consider the
24 nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

25 If the moving party satisfies its initial burden, the burden then shifts to the opposing party
26 to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*
27 *Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

  *B)*  *Analysis*

If an ERISA benefits plan gives the plan's administrator discretionary authority to determine eligibility for benefits, federal courts review the administrator's decision under an abuse of discretion standard. *Conkright v. Frommert*, 130 S. Ct. 1640, 1646 (2010). Otherwise, such decisions are reviewed de novo. *Id.*

Benefit-eligibility decisions made by a plan administrator's delegate are subject to a deferential standard of review if certain conditions are met. *Madden v. ITT L.T.D. Plan for Salaried Employees*, 914 F.2d 1279, 1283–84 (9th Cir. 1990). In *Madden*, the Ninth Circuit held that the "arbitrary and capricious" standard of review applies to the decisions of a plan administrator's delegates when "(1) the ERISA plan expressly gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan and (2) pursuant to ERISA, 29 U.S.C. §1105(c)(1) (1988), a named fiduciary properly designates another fiduciary,

**James C. Mahan**
**U.S. District Judge**

1  delegating its discretionary authority. . . ." *Id.* A fiduciary is properly designated if "[t]he instrument under which a plan is maintained [] expressly provide[s] for procedures . . . for named fiduciaries to designate persons other than named fiduciaries to carry out fiduciary responsibilities . . . under the plan." 29 U.S.C. §1105(c)(1).

In satisfaction of *Madden*'s first criterion, the subject policy does include a provision which expressly gives the plan administrator authority to determine a claimant's eligibility for benefits. ANTHEM-000656 ("We reserve full discretion and authority to manage the Group Policy, administer claims, and interpret all Policy terms and conditions."). However, the plan fails to satisfy *Madden*'s second criterion and does not expressly provide procedures for designating persons other than named fiduciaries to perform claim-handling functions as required by §1105(c)(1). Accordingly, CDS' decision to deny plaintiff's claim for disability benefits fails to qualify for "arbitrary and capricious" review. *Madden*, 914 F.2d at 1283–84. As a result, this court reviews CDS's decision to deny plaintiff's claim de novo. *See Conkright*, 130 S. Ct. at 1646.

This court finds that defendant's determination that plaintiff is not entitled to receive disability benefits is reasonable. Under the terms of the insurance policy, plaintiff bore the burden of establishing entitlement to disability benefits. ANTHEM-000644 ("You . . . must provide us . . . with proof that you are unable to work due to Sickness or injury at your own expense . . . ."). Defendant was under a duty to engage in a dialogue with plaintiff and to specifically declare what form of proof would be required in order to grant plaintiff's request for benefits. *Booton v. Lockheed Med. Ben. Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997) ("[I]f the plan administrators believe that more information is needed to make a reasoned decision, they must ask for it."). Defendant satisfied this requirement by requesting that plaintiff provide statements from plaintiff's treating physicians that certify plaintiff's alleged restrictions and limitations. ANTHEM-000162.

Plaintiff did provide statements from Dr. Tsai, both in the form of a physician's statement (ANTHEM-000406) and a medical source statement (ANTHEM-000138) expressing Dr. Tsai's professional opinion that plaintiff has difficulty standing for prolonged periods of time. It is acknowledged that standing for prolonged periods is a requirement of plaintiff's profession.

James C. Mahan
U.S. District Judge

- 6 -

ANTHEM-000146 ("Must have the physical stamina to be able to stand and deal for long periods of time.")

However, plaintiff was also seen by a number of specialists, none of whom offered statements certifying restrictions that would prevent plaintiff from continuing in her profession. Plaintiff did not pursue referrals for psychiatry. Nor did she pursue a referral for physical therapy.

When requested to clarify his assessment of plaintiff's restrictions, Dr. Tsai deferred judgment to plaintiff's treating specialists. ANTHEM-000023. As none of those specialists had certified restrictions that would prevent plaintiff from continuing in her employment, plaintiff failed to meet her burden of establishing that she qualified for disability benefits. *See* ANTHEM-000644.

Plaintiff asserts that defendant rejected her claim for failure to establish a psychological disability and complains that this justification was raised for the first time on appeal.

Plaintiff had sought disability for a physical condition. ANTHEM-000404. Plaintiff's accompanying physician's statements did not certify her eligibility to claim a disability. At least two of those physicians noted that plaintiff may have a severe psychiatric condition. *See* ANTHEM-000049. However, because plaintiff neglected to pursue those physicians' referrals for psychiatric treatment, she failed to established the existence of a psychiatric disability.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for summary judgment (doc. #26) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for summary judgment (doc. #25) be, and the same hereby is, DENIED.

DATED July 30, 2012.

_____
UNITED STATES DISTRICT JUDGE