**LAW OFFICES OF JULIE A. MERSCH**
Julie A. Mersch – NV Bar No. 4695
jam@merschlaw.com
701 S. 7th Street
Las Vegas, NV  89101
Telephone:  (702) 387-5868
Facsimile:  (702) 387-0109
*Attorneys for Plaintiff*
MIAE DECOVICH

**RIMAC MARTIN, P.C.**
Anna A. Martin – NV Bar No. 7079
amartin@rimacmartin.com
P.O. Box 7028
Incline Village, NV  89450
Telephone:  (775) 833-2269
Facsimile:  (775) 833-2279

1051 Divisadero Street
San Francisco, CA  94115
Telephone:  (415) 561-8440
Facsimile:  (415) 561-8430

Attorneys for Defendant
ANTHEM LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MIAE DECOVICH, | ) Case No. 11-cv-00872-JCM-CWH |
| | ) |
| Plaintiff, | ) **JOINT REQUEST FOR GUIDANCE** |
| | ) **FROM THE COURT REGARDING** |
| vs. | ) **PROCEEDINGS ON REMAND** |
| | ) |
| VENETIAN CASINO RESORT, LLC, as Plan Administrator of the Venetian Insurance Package Long-Term Disability Plan; ANTHEM LIFE INSURANCE COMPANY, as Claims Administrator for Venetian Insurance Package Long-Term Disability Plan, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

1

---

JOINT REQUEST FOR GUIDANCE FROM THE COURT
Case No. 11-cv-00872-JCM-CWH

On January 28, 2015, the Ninth Circuit Court of Appeals filed its Memorandum and Disposition, including a Dissent, and reversed and remanded this case to the District Court for further proceedings. The record is established and is on file with the Court for the Court's review. A copy of the Memorandum and Dissent are attached to this joint request for the Court's convenience.

For this reason, the parties hereto through their respective attorneys of record, hereby suggest the following supplemental briefing schedule to bring this matter before the Court:

Supplemental Briefing in support of Rule 52 Motions:     October 2, 2015
Responses to Supplemental Briefing                                      November 6, 2015

In the alternative, the parties respectfully request guidance from the Court regarding the nature and order of future proceedings in this matter.

**LAW OFFICE OF JULIE A. MERSCH**

DATED: July 27, 2015          By:     /S/ Julie A. Mersch
                              JULIE A. MERSCH
                              Attorneys for Plaintiff
                              MIAE DECOVICH

**RIMAC MARTIN, P.C.**

DATED: July 27, 2015          By:     /S/ Anna M. Martin
                              ANNA M. MARTIN
                              Attorneys for Defendant
                              ANTHEM LIFE INSURANCE COMPANY

1  IT IS HEREBY ORDERED:  July 29, 2015.

_____
The Honorable James C. Mahan
United States District Court Judge

JOINT REQUEST FOR GUIDANCE FROM THE COURT
Case No. 11-cv-00872-JCM-CWH

1  **CERTIFICATE OF SERVICE**

2        I HEREBY CERTIFY that on July 27, 2015 I electronically filed the foregoing **JOINT**

3  **REQUEST FOR GUIDANCE FROM THE COURT** with the Clerk's Office using the

4  CM/ECF System which provides for the transmittal of a Notice of Electronic Filing to the

5  following CM/ECF registrant(s):

6  Julie A. Mersch
7  LAW OFFICES OF JULIE A. MERSCH
   701 S. 7th Street
8  Las Vegas, NV  89101
   Telephone:  (702) 387-5868
9  Facsimile:   (702) 387-0109
   Email:  jam@merschlaw.com
10

11 Attorneys for Plaintiff
   MIAE DECOVICH
12

13

14                              ____/s/ Fatima Bonilla____
                                Fatima Bonilla

# Attachment to Joint Request For Guidance

FILED

**NOT FOR PUBLICATION**

JAN 28 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIAE DECOVICH, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> ANTHEM LIFE INSURANCE COMPANY, as Claims Administrator on behalf of Venetian Insurance Package Long-Term Disability Plan, <br><br> Defendant - Appellee. | No. 12-16803 <br><br> D.C. No. 2:11-cv-00872-JCM-CWH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted December 9, 2014
San Francisco, California

Before: O'SCANNLAIN, FISHER and HURWITZ, Circuit Judges.

Appellant Miae Decovich appeals the district court's grant of summary judgment in favor of Anthem Life Insurance Company. We reverse and remand for further proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1.	Under de novo review, there is a triable issue of fact as to whether Decovich was disabled under the terms of the disability policy. *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1095 (9th Cir. 1999) (en banc).  Although the district court correctly articulated the standard of review, it proceeded to analyze whether the denial of Decovich's disability claim was reasonable.  Instead, it was required to "undertake an independent and thorough inspection of [the] administrator's decision." *Silver v. Exec. Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 733 (9th Cir. 2006).

While neither of Custom Disability Services (CDS)'s reviewing physicians opined that Decovich's fibromyalgia was disabling, other evidence submitted by Decovich supported her disability claim.  A physical evaluation submitted by Decovich's primary care physician, Dr. Tsai, notes Decovich's experience of pain is frequently severe enough to interfere with attention and concentration.  It further observes she can handle only 15 minutes of standing or walking about at a time, requires a cumulative resting time of two hours, and can only use her hands "occasionally."

Decovich also submitted evidence that, as a dealer, she was required to "have the physical stamina to be able to stand and deal for long periods of time," "withstand prolonged standing, stretching, bending and kneeling without

2

restriction" and "maintain physical stamina." Given this job description, based on Dr. Tsai's physical assessment, Decovich could not fulfill her job requirements as a card dealer. Similarly, Decovich's rheumatologist, Dr. Jianu, opined that she was unable to perform her current occupation. Although not all of Decovich's treating physicians opined that she suffered functional limitations, Dr. Tsai's evaluation and Dr. Jianu's opinion were sufficient to create a material dispute of fact.[1] Summary judgment in Anthem's favor was thus improper. *See Kearney*, 175 F.3d at 1095.

    2.    The eight-page letter from CDS denying Decovich's request for reconsideration of the denial of her clam for benefits includes a section entitled "Additional observations." The section recites that several doctors had "recommended psychiatric evaluation [or] . . . treatment," and then states:

> None of the medical documentation provided to us indicates that you ever sought the recommended psychiatric evaluation and/or treatment. In the absence of behavioral health or psychiatric treatment notes and/or evaluations, there is insufficient file documentation to submit for review by a behavioral health specialist.

---

[1] The dissent notes that Dr. Tsai deferred assessment of work restrictions and limitations to Decovich's other treatment providers. What Dr. Tsai meant by that deferral is disputed. Regardless, Dr. Tsai's opinion regarding Decovich's functional impairment is consistent with that of Dr. Jianu, the other treatment provider Dr. Gendron contacted, who similarly opined that Decovich was unable to perform her current job.

The statement does not "tack[] on a new reason for denying benefits." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 974 (9th Cir. 2006) (en banc). Decovich never claimed to be disabled based on a "mental condition," or "mental illness," so CDS's conclusion that there was no warrant to explore those conditions could not have been a reason for denying benefits. Thus, on remand, review should be on the record that was before the administrator. *Id.*

**REVERSED AND REMANDED.**

FILED

JAN 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Decovich v. Anthem Life Insurance Company*, No. 12-16803

O'SCANNLAIN, Circuit Judge, dissenting in part:

I respectfully dissent from part one of the disposition. Although the district court uses the word "reasonable" when analyzing CDS's denial of Decovich's claim, it expressly states in the preceding lines of the order that it is engaging in de novo review and rejects the "arbitrary and capricious" standard. The district court then proceeds to engage in a thorough de novo review, concluding that Decovich failed to meet her burden of showing a factual dispute as to whether she established eligibility for disability benefits under the policy.

Moreover, such a conclusion was appropriate. In light of the overwhelming evidence to support the finding that Decovich failed to establish functional impairment—including (i) medical examinations and tests that showed no physical abnormalities, (ii) reports from Decovich's treating specialists, including Dr. Jianu, indicating that Decovich was not functionally impaired, (iii) Dr. Tsai's deferral of his assessment of Decovich's work-related restrictions and limitations to Decovich's other treatment providers, and (iv) Dr. Gendron's observation that individuals with fibromyalgia are often encouraged to engage in physical activity—there is no genuine issue of material fact as to whether CDS erred in denying Decovich's disability claim.

Thus, because the district court engaged in de novo review of CDS's denial of Decovich's claim and appropriately concluded that no material dispute of fact remains, I would affirm the district court's grant of summary judgment in favor of Anthem.

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36.  Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise.  To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing  (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1)   A.   **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
    - ▶ A material point of fact or law was overlooked in the decision;
    - ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
    - ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

   B.   **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

- ► Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ► The proceeding involves a question of exceptional importance; or
- ► The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)   Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3)   Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4)   Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; St. Paul, MN 55164-0526 (Attn: Jean Green, Senior Publications Coordinator);
  - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

Form 10. Bill of Costs ................................................................................................................(Rev. 12-1-09)

# United States Court of Appeals for the Ninth Circuit

## BILL OF COSTS

This form is available as a fillable version at:
http://cdn.ca9.uscourts.gov/datastore/uploads/forms/Form%2010%20-%20Bill%20of%20Costs.pdf.

*Note:* If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

[ _____ ] v. [ _____ ]   9th Cir. No. [ ____ ]

The Clerk is requested to tax the following costs against: [ _____ ]

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED (Each Column Must Be Completed) | | | | ALLOWED (To Be Completed by the Clerk) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| **Excerpt of Record** | | | $ | $ | | | $ | $ |
| **Opening Brief** | | | $ | $ | | | $ | $ |
| **Answering Brief** | | | $ | $ | | | $ | $ |
| **Reply Brief** | | | $ | $ | | | $ | $ |
| **Other*** | | | $ | $ | | | $ | $ |
| | | | TOTAL: | $ | | | TOTAL: | $ |

\* *Costs per page*: May not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.

\*\* *Other*: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to 9th Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys' fees **cannot** be requested on this form.

*Continue to next page*

**Form 10. Bill of Costs -** *Continued*

I, _____, swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature _____
("s/" plus attorney's name if submitted electronically)

Date _____

Name of Counsel: _____

Attorney for: _____

---

*(To Be Completed by the Clerk)*

Date _____    Costs are taxed in the amount of $ _____

Clerk of Court

By: _____, Deputy Clerk